IN THE UNITED STATES DISTRICT COURT FOR 

THE WESTERN DISTRICT OF OKLAHOMA

JUL 0 1 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

RONNIE LaMONTE LISTER,       )
                             )
              Petitioner,    )
                             )
vs.                          )       No. CIV-10-180-W
                             )
JUSTIN JONES, Director,       )
                             )
              Respondent.    )

## ORDER

On June 7, 2010, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter, and recommended that the Court deny the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Ronnie LaMonte Lister. Lister was advised of his right to object, and the matter now comes before the Court on Lister's response to the Report and Recommendation.

Upon de novo review, the Court concurs with Magistrate Judge Bacharach's suggested disposition of this matter. Lister was tried in the District Court of Stephens County, Oklahoma, and found guilty by a jury of one count of trafficking in illegal drugs (Count I)(63 O.S. § 2-415), one count of possession of a firearm during the commission of a felony (Count II)(21 O.S. § 1287) and one count of possession of a firearm after former conviction of a felony (Count III)(21 O.S. § 1283). State v. Lister, No. CF-2007-9. Pursuant to the jury's recommendation, Lister was sentenced to consecutive terms of imprisonment of twenty-five (25) years and ten (10) years on Counts I and II, respectively, and to a concurrent term of imprisonment of ten (10) years on Count II.

In a summary opinion, the Oklahoma Court of Criminal Appeals ("OCCA"), after finding the evidence was sufficient to prove that Lister had constructively possessed the crack cocaine found in Jennifer Seay's residence and that Lister had also constructively possessed a 9 millimeter handgun, affirmed Lister's convictions and sentences for drug trafficking and possession of a firearm after a felony conviction. Lister v. State, No. F-2008-260 (Okla. Crim. April 16, 2009).

The OCCA reversed Lister's conviction and sentence for possession of a firearm during the commission of a felony, after finding that the evidence was insufficient to show that Lister had any dominion or control over a .38 special revolver found on a couch inside the residence. Id.

Lister thereafter unsuccessfully sought post-conviction relief in state district court. Lister v. State, No. CF-2007-9 (August 7, 2009); Lister v. State, No. PC-2009-867 (Okla. Crim. November 19, 2009).

Because Lister has failed to show cause and prejudice for his failure to raise the first ground for relief in his Petition either on direct appeal or in a post-conviction appeal or demonstrate that a fundamental miscarriage of justice would result if this ground for relief is not considered, e.g., Coleman v. Thompson, 501 U.S. 722 (1991), the Court finds habeas review of the merits of Lister's claim that he was deprived of due process through the prosecutor's knowing use of Seay's perjured testimony is procedurally barred.

As to Lister's contention that there was insufficient evidence to support his conviction for drug trafficking, this Court may only grant habeas relief if the OCCA's adjudication of Lister's claim for relief on direct appeal "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United

2

States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2). Because the OCCA's rejection of Lister's claim that there was insufficient evidence to support his conviction on the charge of drug trafficking was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent, namely, Jackson v. Virginia, 443 U.S. 307 (1979), the Court finds that Lister is not entitled to federal habeas relief.

After independent and de novo review of Lister's conviction for possession of a firearm after former conviction of a felony and without deferring to the OCCA's determination with regard to the sufficiency of the evidence as to this conviction,[1] the Court finds that a reasonable juror, "after viewing the evidence in the light most favorable to the prosecution, . . . could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (citation omitted). Based upon the evidence presented at trial, the Court concludes that a rational trier of fact could have decided that Lister had been residing in Seay's home for at least two weeks, that the .38 special revolver was in that residence and that Lister had been convicted of a felony in the District Court of Comanche County, Oklahoma, in 2005. The Court therefore finds no merit to Lister's challenge to the sufficiency of the evidence.

---

[1]In its Summary Opinion, the OCCA denied relief after concluding that the evidence was sufficient to find that Lister constructively possessed the 9 millimeter handgun. The firearm involved in Count III was the .38 special revolver. In light of the OCCA's mistake, respondent Justin Jones, Director, has conceded that this Court should not defer to the OCCA's decision and that independent review of this ground for relief is appropriate. See Doc. 15, at 16.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 16] issued on June 7, 2010;

(2) DENIES Lister's Petition [Doc. 1] file-stamped February 23, 2010; and

(3) ORDERS that judgment in favor of respondent Justin Jones, Director, issue forthwith.

ENTERED this _/ʌt_ day of July, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

4